61 F.3d 906
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Alan D. LOGSTON, Petitioner-Appellant,
v.
Jerry GILMORE, Respondent-Appellee.
 No. 93-3809.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 29, 1995.*
Decided June 30, 1995.
 
 Before CUMMINGS, COFFEY, and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Alan Logston petitioned for a writ of habeas corpus from his Illinois state court conviction for home invasion, the facts of which are discussed in People v. Logston, 196 Ill. App. 3d 30, 552 N.E.2d 1266 (4th Dist. 1990). The district court, in a thoughtful eleven-page opinion, reviewed all of the issues Logston raised and found that there was no meritorious constitutional claim preserved for review, and denied the petition with prejudice. After the issuance of a certificate of probable cause, Logston appeals.
 
 
 2
 In the criminal proceeding, the state trial judge inquired into the numerical split of the jury (though not which verdict the majority favored) as it was deliberating, an error under Illinois state law, albeit not a Constitutional violation. Compare, for example, People v. Craddock, 163 Ill. App. 3d 1039, 516 N.E.2d 1357 (1987) with Kirk v. Director, Department of Corrections, 678 F.2d 723 (7th Cir. 1982). Logston's defense counsel agreed to the inquiry, and Logston claimed in his habeas petition that the failure to object comprised ineffective assistance of counsel. The state argued that Logston had defaulted the issue by failing to raise it either on the direct appeal or in his post-conviction review; in his district court habeas reply brief, Logston conceded this, but argued it would be a "miscarriage of justice" to fail to reach the issue because of the ineffective assistance of the appellate counsel. The district court noted that Logston had not attempted to make any showing to meet the standard enunciated in Sawyer v. Whitely, 112 S.Ct. 2514, 2517 (1992), for a finding of a "miscarriage of justice", and further noted that there was no constitutional right to counsel on state post-conviction review. Pennsylvania v. Finley, 481 U.S. 551 (1987).
 
 
 3
 On appeal, Logston claims the district court erred in failing to read his pro se petition to the Illinois Supreme Court liberally. Perhaps out of sympathy, the state did not note in its reply brief that Logston did not raise this issue to the district court; it therefore waives the opportunity to add a third level of waiver to Logston's claims. Regardless, the argument is meritless. The pro se appeal brief only mentions defense counsel's failure to object to the trial judge's insistence that the jury continue deliberating and his failure to sequester the jury when they went home overnight in the middle of deliberations. In the brief, Logston complains not that his counsel failed to object to the mid-deliberation open polling of the jury, but that defense counsel did not try to use the information to argue against letting the jury go home for the night and continue deliberating the next morning. And even if the pro se appeal brief were stretched beyond recognition to include the claim, it was waived in the earlier appeal, where there is not a single mention of the claim in a 36-page brief filed by a public defender. What makes this entire discussion especially absurd is that the finding of prejudice required for a finding of ineffective assistance under Strickland v. Washington, 466 U.S. 668 (1984), would have been precluded by the state court's finding that this particular numerical inquiry of the jury was harmless error. Logston, 552 N.E.2d at 1270.
 
 
 4
 The only other ground raised on this appeal by Logston is that the district court should not have given the factual findings in the state proceedings the presumption of correctness that Sec. 2254(d) requires. Logston did not raise this argument below, and he gives no factual or legal support to us now why Sec. 2254(d) should be disregarded. The argument is frivolous.
 
 
 5
 Logston makes a broad request that we review the entirety of the habeas record. We have. The district court correctly noted that the remainder of Logston's claims were procedurally defaulted, were meritless, lacked a showing of prejudice, and/or failed to state a constitutional claim under Sec. 2254(a). Logston gives us no reason why these determinations should not stand.
 
 
 6
 The decision denying the petition for habeas corpus is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). No statement has been filed. Accordingly, the appeal is submitted on the briefs and the record